

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB - 6 2012

CLERK, U.S. DISTRICT COURT
by_____
          Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JOSE LUIS BRIONES,                    §
                                      §
          Petitioner,                 §
                                      §
VS.                                   §   NO. 4:11-CV-457-A
                                      §
REBECCA TAMEZ, WARDEN,                §
FCI-FORT WORTH,                       §
                                      §
          Respondent.                 §

MEMORANDUM OPINION
and
ORDER

The issue raised in the above-captioned action by the
petition filed by Jose Luis Briones, petitioner, on July 1, 2011,
under 28 U.S.C. § 2241 is whether he is entitled to credit on his
federal sentence for time he has served on a state sentence.  The
federal sentencing court ordered that the federal sentence run
concurrently with the state sentence.

Petitioner was delivered to federal authorities for service
of his federal sentence after he had completed service of his
state sentence.  If the sentencing order of the federal court
were honored, petitioner would be entitled to approximately 40
months' credit on his federal sentence of 125 months.  Respondent
has taken the position that petitioner is not entitled to any
credit on his federal sentence for time he served on the state

sentence.  In other words, respondent has refused to give any recognition to the federal sentencing court's order that the federal sentence run concurrently with the state sentence.  For basically the reasons discussed during the telephone conference/hearing conducted on January 27, 2012, with petitioner and counsel for the government on the line, as amplified below, the court has concluded that petitioner is entitled to credit on his federal sentence for time he served on the state sentence that was ordered to run concurrently with his federal sentence.

On March 23, 2006, United States District Judge Keith P. Ellison of the Southern District of Texas signed a judgment putting in written form a sentence he imposed on petitioner on March 17, 2006, for the offense of conspiracy to possess with the intent to distribute a controlled substance.  That sentence is the one petitioner is now serving.  Judge Ellison sentenced petitioner to a term of imprisonment of 125 months, and ordered that it was "to run concurrently with the defendant's undischarged term he is presently serving as a result of his conviction in Harris County Texas under Cause Number 1023915." Resp., App. at 011.  At the time that sentence was imposed, Judge Ellison was aware that petitioner was serving, or subject to service, of two separate state sentences, one in Cause Number 1023915 to which Judge Ellison referred in his judgment and the

2

other in Cause Number 682033, both of which were mentioned and
discussed in petitioner's presentence report that Judge Ellison
would have reviewed in advance of sentencing.  Id. at 005-006.
The undisputed facts appear to be that under state law the
sentences in the state court cases have been served.  The parties
seem to agree that they were served concurrently.

Respondent's initial response to the petition was that
respondent could not legally give petitioner credit for time he
served in Cause Number 1023915 because that time was served
concurrently with petitioner's state sentence in Cause Number
682033.  Apparently respondent was persuaded that such a result
had to be reached by reason of the language of 18 U.S.C.
§ 3585(b).  Respondent explained:

> The [federal] court ordered the federal sentence to run
> concurrent with Briones's state sentence in case number
> 1023915, but the judgment and commitment order is
> silent regarding the parole revocation term for case
> number 682033.  BOP, therefore, is precluded from
> commencing his federal sentence until the date he
> paroled from state custody.
>
> Because Briones received credit toward his state
> sentences for the time he served prior to his parole
> date, BOP cannot credit that time against his
> consecutive federal sentence.  The relevant statute
> regarding prior custody credit states:
>
> > A defendant shall be given credit toward the
> > service of a term of imprisonment for any time he

has spent in official detention prior to the date
the sentence commences-

(1)   as a result of the offense for which the
      sentence was imposed; or

(2)   as a result of any other charge for which the
      defendant was arrested after the commission
      of the offense for which the sentence was
      imposed;

that has not been credited against another
sentence.

18 U.S.C. § 3585(b).   BOP, therefore, is prohibited
from crediting Briones's federal sentence with any time
spent in custody which Texas credited toward his state
sentences.[1]

Resp. at 4-5 (record references omitted).

Summed up, respondent's initial argument, in effect, was

that Judge Ellison's order that petitioner's term of imprisonment

of 125 months was to run concurrently with the term petitioner

was to serve as a result of his conviction in Cause Number

1023915 must be disregarded by respondent by reason of § 3585(b)

because under state law petitioner served his sentence of

imprisonment in Cause Number 1023915 concurrently with the

sentence of imprisonment he received in Cause Number 682033.   In

the course of making that argument, respondent maintained that a

---

[1]Respondent's reference in the quoted language to respondent's "consecutive federal sentence"
seems to have reference to a sentence respondent imagines Judge Ellison, by his silence on the subject,
imposed as to petitioner's state sentence in Cause Number 682033.  Of course, no such sentence was
implicitly or otherwise imposed by Judge Ellison.

statute that was obviously intended to provide a benefit to a defendant under the circumstances described in the statute should, instead, be used as a detriment to the defendant, even to the extent of justifying disregard by the Bureau of Prisons of a judicial pronouncement that the federal sentence would run concurrently with a state sentence.

The position taken by respondent appeared so absurd on its face that the court arranged for the January 27, 2012 telephone conference/hearing for the purpose of obtaining clarification from respondent's counsel.  Clarification was not obtained. Rather, respondent's counsel seemed to agree with points of concern the court had with respondent's reasoning in its initial response.  Counsel requested an opportunity to file a supplemental response providing an explanation as to why respondent maintained that Judge Ellison's order should not be given effect.  The court authorized the filing of a supplemental response, which was received by the court on February 3, 2012.

In the supplemental response, respondent seemed to have abandoned her reliance on § 3585(b), and to have, instead, resorted to the contention that Judge Ellison really did not mean what he said when he ordered that the federal sentence was to run concurrently with the term petitioner was to serve as a result of his conviction in Cause Number 1023915.  This time, the heart of

respondent's explanation for why it was entitled to disregard

Judge Ellison's order was as follows:

> The BOP's interpretation of [Judge Ellison's]
> judgment and execution of the sentence is in keeping
> with the Sentencing Guidelines as interpreted in
> Briones's Presentence Report. The provisions of USSG §
> 5G1.3(b) provided that the undischarged term of
> imprisonment in case number 1023915 be served
> concurrently to the federal sentence. (Appendix to
> Supplemental Response at 43, ¶ 72.) The sentencing
> guidelines, however, also recommended that the federal
> sentence be served consecutive to the sentence in the
> parole revocation case, number 682033. *(Id.* at ¶ 73.)
> The written judgment, therefore, follows the provisions
> of the Sentencing Guidelines as reflected in the
> Presentence Report. The written judgment complies with
> the Guidelines and the Presentence Report, and this is
> how the BOP executed Briones's sentence.
>
> The evidence, therefore, shows that BOP is
> executing Briones's federal sentence just as we believe
> the sentencing court intended. Briones's petition for a
> writ of habeas corpus, therefore, should be dismissed.

Supplemental Resp. at 1-2 (footnote omitted).

The court is not persuaded by respondent's contention that

language in the advisory sentencing guidelines and in a

presentence report informing Judge Ellison of his sentencing

options can form a legal basis for respondent to disregard Judge

Ellison's order that the sentence of imprisonment he imposed run

concurrently with petitioner's service of imprisonment under

Cause Number 1023915. The simple fact of the matter is that

either petitioner receive credit on his federal sentence for the

time he served under Cause Number 1023915 or Judge Ellison's

6

order will be disregarded.  The court prefers to think that the proper course is to give respect to Judge Ellison's order.  The mere fact that the state authorities chose to run the two state sentences concurrently is no justification for defying Judge Ellison's order that the federal sentence run concurrently with the Cause Number 1023915 sentence.

Respondent should not be upset that the giving of effect to Judge Ellison's order coincidentally gives petitioner the added benefit of causing some or part of his sentence in Cause Number 682033 to run concurrently with his federal sentence and his sentence in Cause Number 1023915.  If such a circumstance necessarily follows from a rule of state law requiring the state sentences to be served concurrently with each other, there is no reason why petitioner should not receive the benefit of that circumstance.

Another way to view the matter is that if under state law the two state sentences were to run concurrently, implicit in the order by Judge Ellison that the sentence he imposed would run concurrently with one of those state sentences was a ruling by Judge Ellison that the sentence he imposed would run concurrently with both of the state sentences.  This would be consistent with the sentencing authority given to Judge Ellison under 18 U.S.C. § 3584(a).  There is no stretch of logic or common sense that

would lead to the conclusion that Judge Ellison silently intended that the sentence he imposed would run consecutively with the state sentence in Cause Number 682033, after having expressly ordered that the federal sentence would run concurrently with the other state sentence, if such a silent consecutive ruling were to cancel his express concurrent order.

For the reasons given above,

The court ORDERS that respondent give credit to petitioner on the sentence of 125 months he is serving in Case No. 4:05-CR-00221-002 for the time petitioner served after March 17, 2006, as a result of his conviction in Harris County, Texas, in Cause Number 1023915.

SIGNED February 6, 2012.

_____
JOHN McBRYDE
United States District Judge